UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICH PRODUCTS CORPORATION,
*d/b/a* Mother's Kitchen,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                            05-CV-187S

IMPRESS INDUSTRIES, INC.,

                Defendant/
                Third-Party Plaintiff,

v.

GEORGIA-PACIFIC CORPORATION,

                Third-Party Defendant,

v.

CAS PACK CORPORATION,

                Third-Party Defendant/
              Fourth Party Plaintiff,

v.

C.J. ROBINSON CORPORATION, INC.,

                Fourth-Party Defendant.

      1.     Plaintiff Rich Products Corporation ("Rich") commenced this suit alleging that Defendant Impress Industries, Inc. ("Impress") supplied it with defective cake plates and, as a result, Rich suffered losses from the recall of nearly 7,000 cheesecakes along with associated costs. The motion currently before this Court relates to a discovery dispute between Impress and Third-Party Defendant Georgia-Pacific Corporation ("Georgia-Pacific") concerning Impress's failure to respond to Georgia-Pacific's discovery requests.

1

2.      The Honorable John T. Elfvin, the district judge formerly assigned to this case, resolved this dispute in a May 15, 2007 Order.[1] (Docket No. 38.) Therein, Judge Elfvin noted Georgia-Pacific's numerous efforts to resolve the dispute, and concluded that Impress's belated explanation for not complying with the discovery demands — that it was waiting to receive responses from Rich to its own discovery requests, and that Georgia-Pacific failed to "promptly and informally" bring the discovery dispute to the Court's attention — were without merit. Judge Elfvin made the following findings: 1) Impress waived its objections to Georgia-Pacific's discovery requests by not raising them within the 30-day time period required by Fed. R. Civ. P. 33(b)(3); 2) Impress must serve complete responses to Georgia-Pacific's discovery requests; and 3) Georgia-Pacific was entitled to attorney's fees and costs in making its motion. (Docket No. 38, p. 5-6.)

3.      Impress now seeks reconsideration of Judge Elfvin's Order granting Georgia-Pacific's Motion to Compel and awarding Georgia-Pacific its attorney's fees and costs. The motion is fully briefed and pending before this Court, which was assigned this case on October 17, 2007, after Judge Elfvin elected to take inactive status. For the following reasons, Impress's request for reconsideration of Judge Elfvin's May 15, 2007 Order is denied, but its request for a reduction in the fees and costs sought by Georgia-Pacfiic is granted.

4.      The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Courts consider a motion for reconsideration to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment or

---

[1] Familiarity with this Order is presumed.

order. Ass'n of Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir.1995). In this case, Impress's motion is considered solely under Rule 60 because Impress failed to file its motion within ten days of Judge Elfvin's decision as required under Rule 59(b).[2]

5.  Rule 60(b) provides for relief from a judgment on limited grounds including mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. "The party seeking relief from judgment has an onerous standard to meet." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2001). Generally, a Rule 60(b) motion is granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances"). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. Sidney v. United States, 03-CV-791, 2006 WL 1144549, *4 (W.D.N.Y. Apr. 28, 2006).

6.  When evaluating a Rule 60(b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. It is well-settled in this Circuit that the decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615,

---

[2] In its Notice of Motion, Impress identifies Rule 33(a), which governs Interrogatory practice, as the basis for its Motion for Reconsideration. This Court assumes that Rule 33(a) is cited in error, and will consider the motion under Rule 60.

623 (2d Cir. 2002) (citing Parker v. Broadcast Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

7. In its Motion for Reconsideration, Impress offers new explanations for its failure to respond to Georgia-Pacific's discovery requests. It argues that it was not obligated to respond to Georgia-Pacific's interrogatories in the first instance because the 87-question request violated Rule 33(a), which allows only 25 interrogatories without leave of court. (Cantwell Affidavit, Docket No. 43, ¶¶ 3-8.) Impress further argues that Georgia-Pacific's interrogatories were complex and "any tardiness or incompleteness in responding to this discovery must be counterbalanced by weighing the technical nature of this case and the voluminous discovery requests involved." (Id. at ¶¶ 10-11.)

8. Whether or not these explanations have merit, these are new arguments that were never raised before Judge Elfvin. Offering new arguments, or arguments that could have been raised previously, is not proper on a motion for reconsideration. Impress disagrees with Judge Elfvin's previous decision, but mere disagreement does not warrant reconsideration. Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. See Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994). This is because a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994). Accordingly, Impress's Motion for Reconsideration is denied. See Chavis v. McCrary, 03-CV-113, 2004 WL 1221068 (W.D.N.Y. June 2, 2004).

9. Impress alternatively challenges the reasonableness of the attorney's fees that Georgia-Pacific seeks. It argues that Georgia-Pacific's motion papers were *de minimus* and that Georgia-Pacific's request for $6,590.90 in fees is excessive. (Cantwell Affidavit, Docket No. 43, ¶ 13.) Impress argues that Georgia-Pacific's hourly rate is excessive and that much of the work should have been performed by paralegals. (Id. at ¶¶ 17-18.) Finally, Impress describes the Motion to Compel as "routine" and argues that Georgia-Pacific's billing reflects excessive hours, including repetitive work. (Id. at ¶¶ 20-26).

10. Courts typically use the lodestar method[3] to determine reasonable costs and attorney's fees awarded as a sanction under Rule 37(a)(4)(A). See Creative Res. Group of New Jersey, Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002). The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citation omitted). "The lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation and internal quotations omitted). It is within this Court's discretion to determine the reasonableness of those rates based on the Court's "knowledge of prevailing community rates and the relative experience of counsel."

---

[3] The Second Circuit recently criticized the use of the term "loadstar" because the meaning of the term has shifted. *See* Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117-18 (2d Cir. 2007). Although the Second Circuit would substitute the term "presumptively reasonable fee" in place of "loadstar," it nonetheless reaffirmed that the relevant consideration is of a "reasonable hourly rate." Id.

Sheehy v. Wehlage, 02-CV-592, 2007 WL 607093, *5 (W.D.N.Y. Feb. 20, 2007).

11. This Court has carefully reviewed the parties' submissions. Initially, this Court finds that the time billed by Georgia-Pacific's counsel should be reduced. First, this Court will reduce counsel's claim of 7.6 hours for preparing its Motion to Compel. The billing statement for this work on December 11, 2006, lists time spent summarizing existing documents and drafting an unnecessary proposed order that was never submitted. This Court finds that 3 hours is reasonable for preparation of Georgia-Pacific's motion to compel, which was not unusual or complex. See Sheehy v. Wehlage, 02-CV-592, 2007 WL 148750 (W.D.N.Y. Jan. 11, 2007) (finding 2.8 hours to be reasonable for preparing a motion to compel).

12. Second, the time claimed by counsel in preparing Georgia-Pacific's reply in further support of its Motion to Compel is excessive. Counsel claims a total of 13.8 attorney hours and 2.7 paralegal hours. This Court accepts that Georgia-Pacific's counsel reasonably spent more time on the reply papers than on the initial motion because the issues raised by Impress required additional research. But this Court finds 13.8 hours to be excessive, and reduces this entry by 4.8 hours to 9 hours. See Critchlow v. First Unum Life Ins. Co. of Am., 377 F.Supp.2d 337, 341-43 (W.D.N.Y. 2005) (permitting a general reduction to reach a just fee award); Anderson v. Rochester-Genesee Reg'l Transp. Auth., 388 F.Supp.2d 159, 167 (W.D.N.Y. 2005) (similar). Furthermore, since the reply papers are less than 9 pages in length, this Court will reduce the paralegal hours by 1.2 hours to 1.5 hours, which reasonably reflects the amount of time needed to finalize papers of this brevity.

In all other respects, this Court finds Georgia-Pacific's claim of attorney and

paralegal hours to be reasonable. This Court will award fees for 13.8 hours of attorney work, and 2.7 hours of paralegal work.

13.    Turning to the claimed hourly billing rates, this Court finds that both the $265 attorney rate for a sixth-year associate and $104 paralegal rate are excessive. This Court finds an hourly rate of $185 to be reasonable for attorneys of similar experience in this market. See Sheehy v. Wehlage, 02-CV-592, 2007 WL 148750 (W.D.N.Y. Jan. 11, 2007) (finding $210 per hour to be reasonable for a partner at Hodgson Russ LLP with nine years experience and noting that the Court has previously awarded reasonable attorney's fees to the same firm ranging from $130-145 per hour for a second-year associate to $290 per hour for a partner with twenty-five years experience); Johnson v. Bon-Ton Dep't Stores, 05-CV-170, 2006 U.S. Dist. LEXIS 20019, at *10-14 (W.D.N.Y. Apr. 17, 2006) (finding $150 per hour to be reasonable for an attorney with twelve years experience); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 419 F. Supp. 2d 206, 211 (N.D.N.Y. 2005) (finding magistrate's proposed hourly rates of $210 for experienced attorneys, $150 for associates with more than four years experience, $120 for less experienced associates, and $80 for paralegals to be "both reasonable and comparable to rates in neighboring districts."), aff'd 493 F.2d 110 (2d Cir. 2007). This Court finds an hourly rate of $80 to be reasonable for paralegals in this market. See Sheehy v. Wehlage, 02-CV-592, 2007 WL 607093 (W.D.N.Y. Feb. 20, 2007) (finding $80 per hour to be reasonable for paralegals); Arbor Hill, 419 F. Supp. 2d at 211.

13.    Accordingly, this Court will award $2,553 in attorney's fees and $216 in paralegal fees, for a total award of $2,769.

IT HEREBY IS ORDERED, that Impress's Motion for Reconsideration (Docket No.

43) is DENIED in part and GRANTED in part consistent with this Decision and Order.

FURTHER, that the Clerk of the Court shall enter a total judgment in Georgia-Pacific's favor against Impress in the amount of $2,769.

FURTHER, that Impress shall remit payment to Georgia-Pacific within forty-five days of the date this Decision and Order is entered on the docket.

SO ORDERED.

Dated:     January 23, 2008
           Buffalo, New York


                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge